# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

TERRANCE MCDANIEL,
          *Plaintiff-Appellant,*

          v.

UNITED STATES OF AMERICA; U.S.
DRUG ENFORCEMENT AGENCY,
          *Defendants-Appellees.*

No. 00-1729

Appeal from the United States District Court
for the District of South Carolina, at Greenville.
Henry M. Herlong, Jr., District Judge.
(CA-00-645-6-20, CR-93-101)

Argued: June 3, 2002

Decided: July 12, 2002

Before WILKINSON, Chief Judge, and NIEMEYER and
WILLIAMS, Circuit Judges.

---

Reversed and remanded by unpublished per curiam opinion.

---

## COUNSEL

**ARGUED:** Eric Parnes, Student Counsel, Appellate Litigation Program, GEORGETOWN UNIVERSITY LAW CENTER, Washington, D.C., for Appellant. Marvin Jennings Caughman, Assistant United States Attorney, Columbia, South Carolina, for Appellees. **ON BRIEF:** Steven H. Goldblatt, Director, Nilam A. Sanghvi, Student Counsel, Appellate Litigation Program, GEORGETOWN UNIVER-

SITY LAW CENTER, Washington, D.C., for Appellant. Strom Thurmond, Jr., United States Attorney, Columbia, South Carolina, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Terrance McDaniel, acting *pro se*, filed a motion to contest the government's forfeiture of $17,095 in cash seized from him over five years earlier, contending that the government failed to provide him with adequate notice of the forfeiture proceedings. On the government's motion, the district court ruled that the notice issue presented a question of fact that could not be resolved by summary judgment. But the court dismissed McDaniel's action, applying the equitable doctrine of laches to bar his claim even though it was timely under the applicable statute of limitations. Because the district court erred in applying laches to cut short the applicable statute of limitations, we reverse and remand for further proceedings.

I

When United States Drug Enforcement Administration ("DEA") officers arrested Terrance McDaniel in Simpsonville, South Carolina, on February 16, 1993, they discovered $17,095 in cash during the search incident to his arrest. He was subsequently indicted on drug conspiracy and distribution charges, and he was released on bond and ordered to remain under house arrest in Detroit, Michigan. Although this indictment was ultimately dismissed due to insufficient evidence, the DEA instituted proceedings on April 12, 1993, to forfeit the $17,095. The government sent notice of the proceedings by certified mail to McDaniel's mother's address in Detroit and published notice three times in *USA Today* in late April and early May 1993.

On April 15, 1993, when McDaniel was out on bond, he was arrested again by federal agents on separate drug conspiracy charges in Fort Myers, Florida, and was incarcerated there. Informed of this arrest, the district court revoked McDaniel's bond with respect to the February 16 arrest.

On May 11, 1993, McDaniel's attorney sent a letter to the DEA informing it that McDaniel wished to contest the forfeiture initiated in April 1993. But for unexplained reasons, the DEA subsequently initiated another notice of forfeiture by sending two certified letters to McDaniel's attorney's office in June and September 1993, as well as to his mother's house. The DEA did not, however, send notice of the forfeiture proceedings to McDaniel in prison in Fort Myers, Florida. McDaniel was given 20 days from receipt of the second letter — September 23, 1993 — to respond. By then, however, McDaniel's attorney had retired from the practice of law and the letters to him were returned unopened. And the government offers no evidence that McDaniel received notice while in prison in Florida. McDaniel never filed a formal objection to the proceedings, and the DEA declared the money forfeited on December 3, 1993.

On September 3, 1999, five years and nine months after the forfeiture, McDaniel, acting *pro se*, filed a "Motion to Contest Forfeiture" in the district court, arguing that he had not received proper notice of the forfeiture proceeding. The government responded, asserting that McDaniel had received notice, that his claim was untimely under the statute of limitations, and that his claim was barred by the doctrine of laches. The district court treated McDaniel's motion as a complaint "under the Due Process Clause of the Fifth Amendment" and the government's response as a motion for summary judgment. The court then entered judgment in favor of the government. In doing so, the court found that "McDaniel has made out a claim for a due process violation that survives the government's motion for summary judgment" and that the government was required to provide McDaniel or his attorney with actual notice, given McDaniel's incarceration. But the district court concluded that even though McDaniel's action was governed by the general six-year statute of limitations for civil actions against the United States under 28 U.S.C. § 2401 and that McDaniel's motion was filed within six years after his claim accrued, it was untimely as "the doctrine of laches [was] a viable defense in the

instant case and applie[d] to cut short the limitations period." McDaniel appealed this ruling. The government did not appeal the district court's denial of summary judgment on the notice issue. Accordingly, only the laches issue is before us.

II

The parties agree with the district court that McDaniel's action is governed by 28 U.S.C. § 2401, providing a six-year statute of limitations. They also agree that McDaniel's motion was filed on September 3, 1999, 5 years and 9 months after the final order of administrative forfeiture was entered on December 3, 1993. Therefore, McDaniel's motion was not barred by the applicable statute of limitations.

The district court reached the same conclusion but chose to apply laches to bar McDaniel's claim because: (1) administrative forfeiture is an equitable proceeding, subject to equitable defenses; (2) the goals of limiting financial consequences to the government and ensuring quick resolution of cases would be met; and (3) section 2401 is merely a general or "catch-all" statute of limitations, not one specific to this proceeding.

Laches is an affirmative defense to an equitable claim that is available when the claimant has demonstrated a "lack of diligence" that prejudiced the party against whom the claim is made. *White v. Daniel*, 909 F.2d 99, 102 (4th Cir. 1990). But we have held that "when considering the timeliness of a cause of action brought pursuant to a statute for which Congress has provided a limitations period, a court should not apply laches to overrule the legislature's judgment as to the appropriate time limit to apply for actions brought under the statute." *Lyons Partnership, L.P. v. Morris Costumes, Inc.*, 243 F.3d 789, 798 (4th Cir. 2001). Separation of powers concerns prevent a court from applying a judicially-created doctrine to overrule a congressionally-created time limit. This "principle is equally relevant when Congress creates a cause of action for traditional equitable remedies, such as injunctions, and specifies a statute of limitations for that action." *Id.*

In sum, when Congress enacts a statute of limitations that provides a period within which a litigant may bring a cause of action, the liti-

gant is entitled to rely on that period. Therefore, because McDaniel's motion was filed within the six-year period set out in 28 U.S.C. § 2401, we reverse the district court's ruling that found it barred by laches. The case is remanded for further proceedings.

*REVERSED AND REMANDED*